FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 04 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00556-BNB

CAMDEN P. FORTNEY, III,

    Applicant,

v.

WARDEN CHAPMAN,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Camden P. Fortney, III, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Fortney initiated this action by filing *pro se* in the United States District Court for the District of Columbia an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on February 8, 2011, the District of Columbia transferred the action to this court. On March 30, 2011, Mr. Fortney paid the $5.00 filing fee for a habeas corpus action.

The court must construe the application liberally because Mr. Fortney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Fortney will be ordered to file an amended application if he wishes to pursue his claims in this action.

The court has reviewed the application and finds that it is deficient because Mr. Fortney fails to provide a clear and comprehensible statement of the claims he is asserting in this action. In fact, it is not even clear that the claims Mr. Fortney is asserting in this action are habeas corpus claims. Although Mr. Fortney refers to a Colorado state court criminal case in the application, he does not set forth any clear and cognizable claim challenging the validity of that conviction or the execution of his sentence. Mr. Fortney is advised that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). If Mr. Fortney is not challenging the legality of his custody, he may not pursue his claims in a habeas corpus action.

Assuming Mr. Fortney is asserting proper habeas corpus claims in this action, he must file an amended application that clarifies what those claims are. Mr. Fortney is advised that claims challenging the validity of a state court conviction properly are asserted pursuant to § 2254 and claims challenging the execution of a sentence properly are asserted pursuant to § 2241. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). Because Mr. Fortney has filed an application for a writ of habeas corpus pursuant to § 2241, the clerk of the court will be directed to provide him with another § 2241 habeas corpus application form on which to file an amended application. However, if Mr. Fortney intends to assert claims challenging the validity of a state court conviction, he must use the appropriate § 2254 habeas corpus application form that is available from the clerk of the court.

Finally, for each claim Mr. Fortney asserts in the amended application he will be

directed to file, he must identify the specific federal constitutional right that allegedly has been violated. He also must provide specific factual allegations in support of each asserted claim. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Fortney must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Fortney file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Fortney, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that, if Mr. Fortney fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED April 4, 2011, at Denver, Colorado.

                BY THE COURT:

                s/ Boyd N. Boland
                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00556-BNB

Camden P. Fortney III
Prisoner No. 150658
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 form** to the above-named individuals on April 4, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk