FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 06 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00556-BNB

CAMDEN P. FORTNEY, III,

    Applicant,

v.

WARDEN CHAPMAN,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Camden P. Fortney, III, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Fortney initiated this action by filing *pro se* in the United States District Court for the District of Columbia an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on February 8, 2011, the District of Columbia transferred the action to this court. On March 30, 2011, Mr. Fortney paid the $5.00 filing fee for a habeas corpus action. On April 4, 2011, the court ordered Mr. Fortney to file an amended application that clarifies the claims he is asserting in this action. On May 3, 2011, Mr. Fortney filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court must construe the amended application liberally because Mr. Fortney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court

should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Fortney will be ordered to file a second amended application if he wishes to pursue his claims in this action.

The court has reviewed the amended application and finds that it is deficient because Mr. Fortney is raising claims that are not habeas corpus claims and, to the extent he may be asserting a habeas corpus claim in this action, that claim properly is asserted pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Mr. Fortney specifically asserts three claims for relief. He first claims that the Mesa County District Court has violated his constitutional rights of access to the courts, due process, and equal protection by failing to produce certain documents. Mr. Fortney's second claim is that the clerk of the court, presumably the clerk of the Mesa County District Court, and the district attorney's office have violated commercial law by refusing to provide Mr. Fortney with copies of requested documents. These two claims are not habeas corpus claims because the failure to provide Mr. Fortney with the documents he allegedly has requested does not implicate either the validity of his conviction and sentence or the execution of his sentence. In other words, even if Mr. Fortney were successful in his claims against the Mesa County District Court, the clerk of that court, and the district attorney's office, he would not be entitled to immediate or speedier release from custody. Although it appears that Mr. Fortney believes the documents he has requested would demonstrate his conviction is invalid, his claims

seeking to obtain those documents from state actors and agencies are not habeas corpus claims. Therefore, any claims Mr. Fortney wishes to assert against the Mesa County District Court, the clerk of that court, or the district attorney's office must be filed in an appropriate court in a separate civil action.

Mr. Fortney's third claim in the amended application does appear to relate to the validity of his conviction. He alleges in his third claim that he is entitled to be released from custody because forged or fraudulent documents were used in obtaining his state court conviction and the use of the forged or fraudulent documents rendered the entire process illegal. Although the facts Mr. Fortney asserts in support of this third claim again relate to the alleged failure of the Mesa County District Court to provide certain requested documents rather than any alleged constitutional violations that occurred in the state court proceedings that resulted in Mr. Fortney's criminal conviction, the court will give Mr. Fortney another opportunity to file a pleading that provides specific facts in support of his claim challenging the validity of his conviction. However, because Mr. Fortney is challenging the validity of his conviction rather than the execution of his sentence, the claim properly is asserted in an application for a writ of habeas corpus pursuant to § 2254 rather than § 2241. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, Mr. Fortney will be directed to file a second amended application on the proper § 2254 habeas corpus application form if he wishes to pursue his claim challenging the validity of his conviction.

Mr. Fortney again is advised that, for each claim he asserts in the second amended application he will be directed to file, he must identify the specific federal constitutional right that allegedly has been violated. He also must provide specific

factual allegations in support of each asserted claim. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Fortney must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. See *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, if Mr. Fortney persists in asserting claims regarding the failure to respond to his requests for documents as opposed to claims challenging the validity of his conviction, the instant habeas corpus action will be dismissed. Accordingly, it is

ORDERED that Mr. Fortney file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Fortney, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Fortney fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED May 6, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00556-BNB

Camden P. Fortney III
Prisoner No. 150658
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 form** to the above-named individuals on May 6, 2011.

                                           GREGORY C. LANGHAM, CLERK

                                           By: _____
                                                          Deputy Clerk